**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1548
_____

PETER SAUERS,
Appellant

v.

OAK PROPERTY MANAGEMENT LP; ASHLEY MANAGEMENT CO; BUILDERS
COUNTY; MIKE MISTER; KEVIN RILEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-19-cv-01429)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2021
Before:  AMBRO, PORTER, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 17, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Peter Sauers, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

Sauers filed a pro se complaint against Oak Property Management LP, Ashley Management Co., County Builders, Inc., County Builders President Mike Meister, and County Builders Vice President Kevin Reilly pursuant to 42 U.S.C. § 1983. Although the complaint is difficult to understand, Sauers appears to claim violations of his constitutional rights and Pennsylvania state law in connection with the rezoning and development of property adjacent to his home in Lower Southampton Township.

The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They asserted, among other things, that Sauers' allegations were insufficient to invoke federal jurisdiction, and that to the extent there is jurisdiction, they are not state actors for purposes of § 1983. Sauers opposed the motion and moved for leave to file an amended complaint.

Relevant here, the District Court ruled that Sauers failed to state a claim under § 1983 because he had not pled facts suggesting that the defendants are state actors or that there is a close nexus between the Township and the defendants' actions such that their actions should be considered state action. The District Court declined to exercise supplemental jurisdiction over Sauers' state law claims and dismissed his complaint.

2

The District Court also denied Sauers' motion for leave to file an amended complaint. Sauers alleged in his proposed amended complaint that the defendants applied for variances in order to build a residential development and that they employed Michael Savona, a lawyer who also worked as the Township's solicitor. Robert Hoopes, another attorney who worked for the Township, approved the variances after a discussion with Savona. Sauers did not know about the variances. He alleged that the defendants worked in concert with Savona and Hoopes, that the defendants and the Township failed to provide adequate notice of the variance requests, and that he has suffered a diminution in value and quiet enjoyment of his property as a result of the variances.

Sauers further alleged that Savona was charged with lying to federal investigators in a corruption probe involving Hoopes and that Hoopes was convicted of extortion and other crimes. He averred that the Pennsylvania Department of Labor and Industry investigated the practices of the Township's Zoning and Building Department and that the property at issue and some of the defendants were named in the report. Sauers claimed violations of rights to due process and equal protection, conspiracy to violate his civil rights, and the taking of his property without just compensation.

The District Court ruled that Sauers failed to allege the requisite state action for a § 1983 claim because, while he averred that the defendants engaged in concerted action with the Township, he had not alleged facts suggesting that there was an agreement to deprive him of his rights. It noted that the fact that private companies gained approval to

3

develop the property is insufficient to assert state action, and that Sauers stated no facts addressing how Savona's or Hoopes' criminal activity related to the alleged deal between the defendants and the Township for the variance approvals.

The District Court allowed Sauers to file a renewed motion to amend his complaint and attempt to cure the defects. Sauers did so, but the District Court denied the motion because Sauers again had not pled facts in his proposed amended complaint supporting the conclusion that the defendants are state actors. It stated that any future attempt to amend the complaint would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the complaint pursuant to Rule 12(b)(6). <u>Winer Family Trust v. Queen</u>, 503 F.3d 319, 325 (3d Cir. 2007).[1] We review the denial of a motion to amend a complaint for abuse of discretion. <u>Id.</u>

Sauers argues on appeal that the District Court erred in dismissing his complaint and denying his motion to file an amended complaint on the ground that the defendants, now the Appellees, are not state actors. We find no error in the District Court's dismissal of Sauers' original complaint, or the denial of his second motion to amend his complaint, for failure to adequately allege that the Appellees are state actors. These filings are hard to understand and are deficient in this regard. We focus on the proposed amended

---

[1] To the extent Sauers contends that the District Court dismissed his complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, its decision reflects that it applied Rule 12(b)(6) and ruled that he failed to allege a plausible cause of action.

complaint submitted with Sauers' first motion to amend on July 8, 2019, which contains the clearest statement of his claims.

As recognized by the District Court, liability under § 1983 requires the deprivation of a federal constitutional or statutory right by a state actor. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). In determining whether there is state action, the primary question is "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. (internal quotation marks and citation omitted). "In other words, the government must be 'responsible for the specific conduct of which the plaintiff complains.'" Borrell v. Bloomsburg Univ., 870 F.3d 154, 160 (3d Cir. 2017) (citation omitted). The challenged action in this case is the Appellees' alleged failure to provide notice of their requests for variances and their acquisition of the variances with the help of Savona.

We apply three tests to determine whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach, 589 F.3d at 646 (internal quotation marks and citation omitted).

5

To the extent Sauers relies on the first test, that test is not implicated because Appellees were not performing an exclusive government function in seeking and acquiring variances. See id. at 648. Sauers contends that he satisfies the second and third tests based on his allegations that the Appellees employed Savona, who was also the Township's solicitor. Savona allegedly contacted Hoopes, who approved the variances. Sauers, however, did not allege facts suggesting that Savona helped Appellees (or that Savona and Appellees acted jointly to) deprive him of notice of Appellees' variance requests. Nor did he allege that Savona was acting in his capacity as a Township official when he contacted Hoopes. In addition, as the District Court stated, Sauers did not plead facts tying Savona's or Hoopes' alleged criminal activity to the variances at issue or supporting the existence of a conspiracy between the Appellees and Township officials. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176, 178 (3d Cir. 2010). Sauers has not shown that the District Court abused its discretion in denying the motion to amend because he did not adequately plead that the Appellees are state actors.[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2] Sauers also argues in his brief that he was not given notice when the property at issue was rezoned from a residential to a commercial zone, but any allegations against Appellees in this regard (which he appears to have made in his original complaint and in his second motion to amend) also do not satisfy the tests for state action.